1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  VINCENTE SALAZAR-OSORIO | Case No.: 25-cv-3296-JES-MMP |
| 12                              Petitioner, | **ORDER:** |
| 13  v. | |
| 14  KRISTI NOEM, Secretary, U.S. | **(1) REQUIRING A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS;** |
| 15  Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD M. LYONS, | |
| 16  Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, | **(2) SETTING BRIEFING SCHEDULE; and** |
| 17  Acting Field Office Director, San Diego | |
| 18  Field Office; and CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa | **(3) STAYING REMOVAL OF PETITIONER TO PRESERVE JURISDICTION** |
| 19  Detention Center, San Diego, California. | |
| 20 | |
| 21                              Respondents. | **[ECF Nos. 1, 2]** |
| 22 | |
| 23 | |
| 24 | |

25
26        Before the Court are Petitioner Vincente Salazar-Osorio's ("Petitioner's") Petition
27  for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and Motion for a
28

Temporary Restraining Order ("TRO"). ECF Nos. 1, 2. The Petition and Motion were filed on November 25, 2025. *Id*.

### 1. The Petition and TRO

Respondents are **ORDERED TO SHOW CAUSE** as to why the Petition and TRO should not be granted by filing a Response no later than 5:00 p.m. on **Tuesday, December 2, 2025**. The Response shall include any documents relevant to the determination of the issues raised in the Petition and address whether an evidentiary hearing on the Petition and/or TRO is necessary. Respondents **SHALL SERVE** a copy of the Response on the Petitioner.

Petitioner may file an optional Traverse in support of the Petition no later than 5:00 p.m. on **Wednesday, December 3, 2025**. After the petition has been fully briefed, the Court will determine whether it is appropriate to take the matter under submission or if oral argument will be required.

The Court provides notice to the Parties that it intends to consolidate the Motion for a Temporary Restraining Order with a determination on the merits under Rule 65(a)(2). See Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice"). In other words, the Court intends to resolve both the Petition and the TRO.

### 2. Stay of Petitioner's Removal

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors,

attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: November 26, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge