1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11   VINCENTE SALAZAR-OSORIO | Case No.: 25-cv-3296-JES-MMP |
| 12                              Petitioner, | **ORDER GRANTING PETITION** |
| 13   v. | **FOR WRIT OF HABEAS CORPUS** |
| 14   KRISTI NOEM, Secretary, U.S. | |
| 15   Department of Homeland Security; | **[ECF No. 1]** |
| 16   PAMELA BONDI, Attorney General of the United States; TODD M. LYONS, | |
| 17   Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, | |
| 18   Acting Field Office Director, San Diego Field Office; and CHRISTOPHER J. | |
| 19   LAROSE, Senior Warden, Otay Mesa | |
| 20   Detention Center, San Diego, California. | |
| 21                              Respondents. | |

22
23
24
25
26          Before the Court is Petitioner Vincente Salazar-Osorio's ("Petitioner") Petition for
27   Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on November 25, 2025. ECF
28   No. 1 ("Pet.").

## I.    BACKGROUND

Petitioner is a citizen of Mexico who was previously removed from the United States on October 21, 2014, and returned on September 1, 2018. Pet. at 3. Upon his return to the United States, Petitioner was immediately detained. *Id.* An asylum officer granted Petitioner a reasonable fear interview and found that Petitioner did have a reasonable fear of persecution or torture in Mexico. *Id.* Petitioner was referred to an immigration judge for withholding proceedings. *Id.*

Petitioner suffers from severe mental health issues. *Id.* at 3. Immigration officials properly noted this and granted him special treatment in immigration court under *Franco-Gonzalez v. Holder,* Case No. 10-cv-02211 (C.D. Cal.). *Id.* After 6 months in custody, on February 7, 2019, Petitioner received a bond hearing, was granted minimum bond, and was released on an order of supervision. *Id.*

In 2024, with the assistance of his immigration attorney, Petitioner met with an ICE officer to obtain a work permit. *Id.* The officer confirmed Petitioner's compliance with his order of supervision, and wrote that Petitioner "has no more reporting requirements with the ERO." *Id.* Petitioner subsequently obtained a work permit, which he used to get two jobs. *Id.* Petitioner supports his five children with the pay from his jobs. *Id.*

This year, Petitioner's immigration attorney again sought proof of compliance to renew Petitioner's work permit. *Id.* ICE refused to provide the documentation and ordered Petitioner to come check-in in person. *Id.* Petitioner did so and was re-detained. *Id.* at 4.

Petitioner states, and Respondents do not contest, that ICE did not provide notice, rationale for the revocation of his release, or an informal interview. *Id.* Petitioner's withholding proceedings have been re-opened. *Id.* On November 7, 2025, an immigration judge found Petitioner incompetent. *Id.* Petitioner is subject to another hearing in December of 2025. *Id.*

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

### A. Jurisdiction

As an initial matter, Respondents argue that the Court does not have jurisdiction over areas of immigration law, like the decision to initiate removal proceedings against an alien, designated by law to the executive branch. ECF No. 6 at 3. As discussed in other cases before this Court and in this District, the Court agrees with the government's underlying proposition but finds that it has jurisdiction to hear Petitioner's claims that his detention is unlawful. *See Sanchez v. Noem*, 25-cv-2995-JES-BJW, ECF No. 11 (S.D. Cal. Sept. 26, 2025); *Alegria Palma v. LaRose*, 25-cv-1942-BJC-MMP, ECF No. 14 (S.D. Cal. Aug. 11, 2025); *Mendez Los Santos v. LaRose*, 25-cv-2216-TWR-MSB, ECF No. 14 (S.D. Cal. Sept. 4, 2025) (granting petition by minute order); *Rokhifirooz v. LaRose et al.*, No. 25-cv-2053-RSH-VET, 2025 WL 2646165 (S.D. Cal Sept. 15, 2025).

### B. Due Process

Petitioner contends that his re-detention without notice or opportunity to be heard violates the due process clause of the Fifth Amendment. Pet. at 9. The Court agrees.

In *Navarro Sanchez v. LaRose et al.*, this Court analyzed caselaw on the due process clause in the immigration context and held that a noncitizen's parole or supervised release constitutes a protected liberty interest of which they may not be deprived without adequate

25-cv-3296-JES-MMP

notice, including individualized findings of changed circumstances, and a meaningful opportunity to be heard regarding the deprivation. No: 25-cv-2396-JES-MMP, ECF No. 10 (S.D. Cal. Sept. 26, 2025). The Court adopts its reasoning as to these issues in that case and incorporates it by reference.

Here, Petitioner had liberty interests in his supervised release and in his previously ordered bond. Respondents deprived Petitioner of those liberty interests when they re-detained him. Petitioner alleges, and Respondents do not deny, that he did not receive notice or an opportunity to be heard regarding the revocation of either protected liberty interest. Respondents have thus violated Petitioner's due process rights by re-detaining him without notice or opportunity to be heard.

To meet this issue, Respondents argue only that Petitioner's reliance on caselaw regarding 1226(a) bond order is inapplicable because Petitioner is detained subject to 8 U.S.C. § 1231(a). ECF No. 5 at 7. As Petitioner points out in his traverse, this argument creates new issues for Respondents, whose authority to cancel Petitioner's bond arises under § 1226(b). ECF No. 6 at 5. While the Court does not reach the INA arguments in this order, the Court does find that by its plain language 8 C.F.R. § 241.4 applies to Petitioner. Further, upon review of Petitioner's order of supervision, the Court finds that Respondents vested a protected liberty interest in Petitioner. *See* ECF 7-1. The government may not avoid its responsibility to provide due process in the revocation of that interest through statutory shifting.

Respondents also argue that Petitioner has failed to show prejudice. ECF No. 6 at 8. The Court has previously explained that it is not persuaded by the argument that immigration detainees must show that they were prejudiced by the government's illegal action to show their entitlement to legal protection. *See Xayakesone v. Noem et al.*, 25-cv-02995-JES-BJW, ECF No. 10 at 6 (S.D. Cal. Nov. 4, 2025). Further, as Petitioner explains, Petitioner's exacerbated mental health condition in custody, and the loss of his income, show prejudice to Petitioner. ECF No. 7 at 6. The Court thus does not find a basis to deny the petition based on prejudice.

1    For the reasons set forth above, the Petition is **GRANTED** on the basis that
2  Respondents violated Petitioner's right to due process by revoking his release without
3  notice, individualized findings, or a meaningful opportunity to be heard. Because the Court
4  grants release on this basis, the Court does not reach the remainder of Petitioner's claims.

### IV.    CONCLUSION

6    For the reasons discussed above, the Court **GRANTS** the Petition and **ORDERS**
7  that Petitioner be release subject to the conditions of his previously granted supervised
8  release.

9    **IT IS SO ORDERED.**

10  Dated: December 4, 2025

Honorable James E. Simmons Jr.
United States District Judge

25-cv-3296-JES-MMP